MICHAEL S. CHAMBERLIN (BAR NO. 175427)
OLIVIA N. TRAN (BAR NO. 267057)
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
mchamberlin@winston.com
otran@winston.com

Attorneys for Defendant
TESORO REFINING & MARKETING COMPANY, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS P.H. RAPHAEL<br><br>Plaintiff,<br><br>vs.<br><br>TESORO CORPORATION, a Corporation; TESORO REFINING & MARKETING COMPANY, LLC, a limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | **Case No. 5:15-cv-1316**<br><br>**DEFENDANT TESORO REFINING & MARKETING COMPANY LLC'S NOTICE OF REMOVAL**<br><br>Complaint Filed: May 14, 2015 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION:

PLEASE TAKE NOTICE THAT, Defendant Tesoro Marketing & Refining Company LLC ("Defendant")[1] hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states:

---

[1] Plaintiff erroneously named Tesoro Corporation as a defendant in this matter. Plaintiff has never been employed by Tesoro Corporation. Declaration of Karen Kawano in Support of Defendant's Notice of Removal ("Kawano Decl."), ¶ 6). In fact, Tesoro Corporation is a holding company that does not have any employees. Declaration of Stacey R. Turner in Support of Defendant's Notice of Removal ("Turner Decl."), ¶ 5).

1

**JURISDICTIONAL STATEMENT**

1. This Court is in the judicial district and division embracing the place where the state court action was brought and is pending. Thus, this Court is the proper district court to which this case should be removed as this Court is a proper jurisdiction for this case. *See* 28 U.S.C. §§ 1441(a) & 1446(a) and Local Rule 8-1.

2. On May 14, 2015, Plaintiff Cyrus P.H. Raphael ("Plaintiff") filed a lawsuit captioned, *Cyrus P.H. Raphael v. Tesoro Corporation, a corporation; Tesoro Refining & Marketing Company, LLC, a limited liability company; and DOES 1 through 20, inclusive*, pending in the Superior Court of California, for the County of Los Angeles, Case No. BC581786 ("Complaint").

3. The Complaint was served on Defendant on or about June 4, 2015, and was the first pleading served on Defendant in this action. A copy of the Summons and Complaint are attached hereto as Exhibit A.

4. On June 29, 2015, Defendant timely filed its Answer to Plaintiff's Complaint. A copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as Exhibit B.

5. This action is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332(a) because this is an action between citizens of different states.

6. There is complete diversity because Plaintiff and Defendant are citizens of different states.

7. To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States, and (b) a domiciliary of one particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of his domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). In his Complaint of Discrimination before the Department of Fair Employment and Housing, which is attached to his Complaint, Plaintiff declared that he "resides in the City of Corona, State of

California." Plaintiff also alleges that he was employed by Defendant for over seven years. (Complaint, ¶ 12). In addition, Plaintiff's application for employment with Defendant demonstrates that he has been employed in California by various employers since 2003. (Kawano Decl., ¶ 5, Ex. 1). Based on the foregoing, Plaintiff is, and at all relevant times was, a citizen, domiciliary, and resident of the State of California.

8. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant is a limited liability company under the laws of the State of Delaware. (Turner Decl., ¶ 3; Complaint ¶¶ 7-8).

9. The Ninth Circuit has held that the citizenship of a limited liability company for purposes of subject matter jurisdiction on the basis of diversity is determined by the citizenship of each of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("LLC is a citizen of every state of which its owners/members are citizens"). In this regard, Defendant is a fully owned and operated subsidiary of Tesoro Corporation ("Tesoro Corp."), which is incorporated under the laws of the State of Delaware, with its principal place of business and headquarters in San Antonio, Texas. (Turner Decl., ¶¶ 2-3.)

9. All of Tesoro Corp.'s executive and administrative operations are centrally managed from its corporate headquarters in San Antonio, Texas. These operations include final decision-making and oversight of the following operations and divisions: financial; legal, capital and special projects; business development; environmental, health, and safety; technology; facility maintenance; pipelines, terminal, trucking, and retail; product supply and trading; business development and logistics; marketing; marine; and refining. (Turner Decl., ¶ 4.) Tesoro Corp.'s policies and procedures in connection with these operations and divisions are primarily formulated in Texas. (Turner Decl., ¶ 5.) In addition, Tesoro Corp.'s executive officers are entirely based in Texas, including its Chairman, President and

Chief Executive Officer; Executive Vice President and Chief Financial Officer; Executive Vice President, Operations; Executive Vice President, General Counsel and Secretary; Assistant Secretary; Vice President and Associate General Counsel – Corporate, Assistant Secretary; Vice President and Treasurer; and Vice President and Controller. (Turner Decl., ¶ 6.) Tesoro Corp.'s financial records are also maintained in Texas. (Turner Decl., ¶ 7.) Therefore, based on the "nerve center" test articulated by the United States Supreme Court, Tesoro Corp.'s principal place of business is in Texas. *See Hertz Corp. v. Friend, et al.*, 130 S. Ct. 1181, 185-1186, 1191-1192 (2010).

10. In his Complaint, Plaintiff seeks various forms of relief, including general and special damages, loss of earnings and earning capacity, punitive and exemplary damages, and attorneys' fees. *See* Complaint, Prayer for Relief. As discussed below, although Plaintiff' Complaint does not specify the amount of damages sought, the relief Plaintiff seeks demonstrates the amount in controversy in this case far exceeds $75,000.

11. Where, as here, the complaint does not specify a particular amount of damages, the defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). This burden requires a showing that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. *Id.* at 398. As the Ninth Circuit has explained, "[t]he amount in controversy is simply an estimate of the total amount in dispute." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204-05. Rather, a defendant can meet this burden by offering

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

facts supporting the amount in controversy exceeds the jurisdictional minimum, or producing evidence of jury verdicts for damages awarded in cases with analogous facts. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 564 (9th Cir.1992); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Vasquez v. Arvato Digital Servs.*, No. CV 11-02836, 2011 WL 2560261 at *3 (C.D. Cal. June 27, 2011); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033–1034 (N.D.Cal.2002). Here, Defendant easily satisfies this burden.

12. As an initial matter, a plaintiff's request for lost earnings, including back pay, may be considered when calculating the amount in controversy. *See Lamke v. Sunstate Equipment Co., LLC*, 319 F. Supp.2d 1029 (N.D.Cal. 2004) (taking plaintiff's potential back pay into account when determining the amount in controversy for removal); *Richard v. Time Warner Cable Media, Inc.*, 960 F.Supp.2d 659, 661 (N.D.Tex. 2013) (acknowledging back pay counts towards the amount in controversy for purposes of determining diversity jurisdiction). Here, at the time of Plaintiff's termination on March 18, 2014, he was earning approximately $1,570.40 per week ($39.26 hourly rate x 40 hours/week), not including overtime. (Complaint ¶ 31; Kawano Decl., ¶ 4). Accordingly, Plaintiff's potential back pay damages at the time of removal is approximately $94,224.00 ($1,570.40 per week x 60 weeks to date since termination). *Vasquez v. Arvato Digital Servs.*, No. CV 11-02836, 2011 WL 2560261 at *3 (C.D. Cal. June 27, 2011) (approving method of determining lost wages by calculating plaintiff's time without work by salary); *Simmons*, 209 F.Supp.2d at 1033–1034 (same). Thus, Plaintiff's potential back pay damages to date alone exceeds the $75,000 threshold.

13. In addition, Plaintiff claims damages for mental and emotional distress. (Complaint ¶ 67). The amount in controversy may include general and special damages. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449 (S.D. Cal. 1995). Defendant can establish that the amount in controversy exceeds the jurisdictional minimum by producing evidence of jury verdicts for damages awarded in cases with

similar facts. *See Vasquez*, 2011 WL 2560261 at *3, *4 (finding defendant's citations to disability discrimination cases with significant emotional distress damages was relevant in determining that amount in controversy for removal purposes). A survey of jury verdicts in cases involving analogous claims of race discrimination, retaliation, and harassment demonstrates that emotional distress damages at issue in this case is likely to exceed the jurisdictional threshold. *See e.g. McCoy v. Pacific Maritime Assoc.*, No. BC346725, 2008 WL 747864 (Cal. Super. Ct. 2008) (jury awarded plaintiff $540,000 in emotional distress damages); *Issa v. Roadway Package System, Inc.*, No. C8412089, 2006 WL 2336358 (Cal. Super. Ct. 2006) (awarding two plaintiffs $11 million in emotional distress damages).

14. Plaintiff also seeks punitive and exemplary damages due to Defendant's alleged malice, fraud and/or oppression. (Complaint, ¶¶ 47, 57, 68, 78, 90, 98, 115). In determining the amount in controversy, the Court may consider potential punitive damages where they are recoverable as a matter of law. *See Richmond*, 897 F. Supp. at 450. Punitive damages are recoverable under the FEHA. *See Vasquez*, 2011 WL 2560261 at *4 ("Punitive damages are available under FEHA... and therefore the Court may consider punitive damages when determining the amount in controversy"). Moreover, to prove that punitive damage awards can be substantial, a defendant may introduce jury verdicts awarding substantial punitive damage awards in cases with analogous facts. *Vasquez*, 2011 WL 2560261 at *4. To this end, there are numerous examples of substantial punitive damages awards in analogous cases. For instance, in *Johnson v. Sears Holdings Corp.*, No. 34200900054053, 2011 WL 5148030 (Cal. Super. Ct. 2011), the jury awarded $3,000,000 in punitive damages to the plaintiff in an analogous race discrimination and harassment case. As another example, in *Idris v. Advanced-Tech Security Services*, No. CGC10505056, 2012 WL 696485 (Cal. Super. Ct. 2012), the jury awarded the plaintiff in a similar case $400,000 in punitive damages. Here, Plaintiff seeks punitive damages for each and every one of his claims, further demonstrating that the amount in controversy exceeds $75,000.

15.    Plaintiff also seeks to recover attorneys' fees, which are properly considered when determining the amount in controversy for the purpose of removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1115, 1155-56 (9th Cir. 1998) (claims for statutory attorney's fees may be included in amount in controversy, regardless of whether award is discretionary or mandatory). The measure of attorneys' fees "should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons*, 209 F. Supp. 2d at 1035. Often, "attorneys' fees in individual discrimination cases exceed the damages." *Id.* Attorney's fees are recoverable under the FEHA. *See* Cal. Gov. Code § 12965(b). Here, Plaintiff's claimed attorneys' fees are likely in and of themselves to exceed $75,000. Accordingly, Plaintiff's claimed attorneys' fees further raise the amount in controversy over the $75,000 jurisdictional threshold.

16.    In sum, when Plaintiff's claims for back pay, emotional distress, punitive and exemplary damages, and attorneys' fees are considered together, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold. As such, Defendant has met its burden to prove by the preponderance of the evidence that the amount in controversy requirement has been met for purposes of diversity jurisdiction. *See Vasquez*, 2011 WL 2560261 at *4 (in case alleging disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation and wrongful termination and seeking attorneys' fees, punitive and emotional distress damages, and lost wages, defendant satisfied its burden of proving the amount in controversy more likely than not exceeded $75,000 by factoring in potential lost wages, emotional distress damages, punitive damages, and attorneys' fees); *White v. FCI USA Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (it was facially apparent that plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages," including lost pay and benefits, impaired earning capacity, and emotional distress, as well as her claim for attorney's fees).

17.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that

Defendant filed this Notice of Removal within 30 days of Plaintiff serving it with the Summons and Complaint.

18. Defendant is filing a written Notice of Removal to the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice to Adverse Parties of Removal to Federal Court, together with this Notice of Removal are being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

19. Copies of all state court pleadings, process and orders to date are attached as exhibits to this Notice of Removal pursuant to 28 U.S.C. § 1446(b).

20. Pursuant to 28 U.S.C. § 84(c)(2), the geographic scope of the United States District Court for the Central District of California, Western Division, encompasses the Superior Court of the State of California, County of Los Angeles, where the action is currently pending, and thus this Court is a proper venue for this action.

WHEREFORE, Defendant respectfully requests that this case be removed, that the Court accept jurisdiction over the action, and that this action be entered into the docket of this Court for further proceedings as though the action had originally been instituted in this Court.

Dated: July 2, 2015

**WINSTON & STRAWN LLP**
MICHAEL S. CHAMBERLIN
OLIVIA N. TRAN

By: /s/Michael S. Chamberlin
MICHAEL S. CHAMBERLIN
OLIVIA N. TRAN
Attorneys for Defendant
TESORO REFINING & MARKETING COMPANY, LLC