UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05080-SVW-JEM | Date | August, 25, 2015 |
|---|---|---|---|
| Title | *Cyrus P.H. Raphael v. Tesoro Corp. et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING Plaintiff's Motion for Leave to file First Amended Complaint and Motion to Remand [13].

This employment discrimination and defamation action arose while Plaintiff Cyrus Raphael worked for Tesoro Corp. beginning in 2007 until his termination on March 18, 2014. (Compl. ¶ 12). Plaintiff claims that during his tenure he was subject to several instances of racial discrimination and harassment by his supervisor, Loren Ahlen ("Ahlen"). The Court has considered Plaintiff's motion for leave to file a first amended complaint and to remand the case to state court.

## I. Background

In September 2013, Plaintiff filed a charge of racial discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 24). The charge detailed various interactions between Plaintiff and his direct supervisor, Ahlen, as the basis for Plaintiff's discrimination claims. Plaintiff was terminated on March 18, 2014. (Compl. ¶ 31). On May 14, 2015, Plaintiff sued Defendant (along with Tesoro Refining & Marketing Company, LLC, and twenty fictitious Doe defendants) in state court. Plaintiff alleges claims under the Fair Employment and Housing Act ("FEHA"), Labor Code § 1102.5, and defamation.

On July 2, 2015, Defendant removed the case to this Court. On July 21, 2015, Plaintiff filed a motion for leave to file a first amended complaint, adding Ahlen, a non-diverse party, as a co-defendant for two of Plaintiff's causes of action. Plaintiff concurrently asked this Court to remand the case to state court for lack of subject matter jurisdiction.

## II. Legal Standard

: 

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05080-SVW-JEM | Date | August, 25, 2015 |
|---|---|---|---|
| Title | *Cyrus P.H. Raphael v. Tesoro Corp. et al.* | | |

Federal Rule of Civil Procedure 15(a) requires courts to freely grant leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to amend, courts consider the following factors articulated by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Id.* at 182; *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015).

However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court. 28 U.S.C. § 1447(e). While the permissive standard set forth in Federal Rule of Civil Procedure 15(a) usually governs a motion to amend, a motion to approve the post-removal joinder of a non-diverse defendant is governed by § 1447(e). *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002). Section 1447(e) commits the decision of whether to allow joinder to the Court's discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Section 1447(e) does not set forth standards guiding the exercise of this discretion. Instead, courts within the Ninth Circuit have considered a broad range of factors, including: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

**III.** **Discussion**

Plaintiff seeks leave to file a first amended complaint by adding Ahlen in his claims under Cal. Gov't Code § 12940(j) and defamation. (Proposed First Amended Complaint ("FAC") ¶¶ 50-59, 99-116).

Plaintiff possessed sufficient evidence of Ahlen's conduct since September 2013 when he filed his charge with the EEOC. Although Plaintiff's initial complaint filed on May 14, 2015 was primarily based on the same set of facts, Plaintiff chose not to name Ahlen as a co-defendant. Plaintiff claims that since filing his initial complaint, he obtained additional information regarding the harassing and defamatory conduct of Ahlen. However, Plaintiff did not provide any specificity or detail regarding the

: 

PMC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05080-SVW-JEM | Date | August, 25, 2015 |
|---|---|---|---|
| Title | *Cyrus P.H. Raphael v. Tesoro Corp. et al.* | | |

alleged new discoveries. In fact, his proposed FAC does not list any new facts from his initial complaint and simply adds Ahlen as a defendant for two of his causes of action. Following a hearing on Plaintiff's motions on August 24, 2015, Plaintiff did not explain why he did not name Ahlen as a defendant when he filed his initial complaint in state court, or why he delayed in joining Ahlen as a defendant until this present motion. In fact, Plaintiff admitted that both his EEOC charge in 2013 and his present complaint are based on Ahlen's conduct against Plaintiff during his employment at Tesoro. Plaintiff's motions for leave to file a FAC and to remand to state court appear to be a tactic to circumvent this Court's federal jurisdiction. The Court, therefore, denies the motions, which preserves complete diversity.

### IV.     Conclusion

For the foregoing reasons, this Court:

1. DENIES Plaintiff's Motion for Leave to file a First Amended Complaint [13].

2. DENIES Plaintiff's Motion to Remand [13].

:

PMC